**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS W. MITCHELL,

          CASE NO. 06-11879
    Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

TRANS UNION LLC,
EXPERIAN INFORMATION SOLUTIONS INC.,
HARRIS & DIAL, PC,
LEASE FINANCE GROUP, INC.,
CORTRUST BANK, NA,
CAPITAL ONE BANK, and
CAPITAL ONE, FSB,

    Defendants.
_____/

**ORDER GRANTING CAPITAL ONE'S MOTION TO SET ASIDE**
**CLERK'S ENTRY OF DEFAULT**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 29, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant Capital One's[1] Motion to Set Aside Clerk's Entry of Default.  Defendant asserts that Plaintiff, though not concurring in Defendant's Motion, has agreed to not file a response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral

---

[1] For ease of reference, the Court will collectively refer to Defendants Capital One Bank and Capital One, FSB, as "Capital One."

argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Set Aside Clerk's Entry of Default is GRANTED.

## II. BACKGROUND

On April 21, 2006, Plaintiff Thomas Mitchell filed an action against Defendants asserting violations of the Fair Credit Reporting Act. Plaintiff properly served all Defendants by May 4, 2006. By May 30, 2006, all Defendants had filed an Answer except Capital One, whose Answer was due May 24, 2006. On June 1, 2006, Plaintiff requested, and was granted, a Clerk's Entry of Default against Capital One. On June 14, 2006, Capital One filed the present Motion to Set Aside the Clerk's Entry of Default.

## III. ANALYSIS

Rule 55(c) of the Federal Rules of Civil Procedure gives the Court authority to set aside an entry of default for good cause shown. The Sixth Circuit considers three factors in determining whether good cause has been shown: (1) whether the defendant has a meritorious defense, (2) whether the set aside will prejudice the plaintiff, and (3) whether the default was willful. *See United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id*. at 845.

Capital One asserts that it has meritorious defenses to Plaintiff's Fair Credit Reporting action and that it believes that it has not reported any inaccurate information regarding Plaintiff. Capital One also asserts that Plaintiff will not be prejudiced by an order to set aside the clerk's entry of

default and that it did not willfully default.

The Court agrees with Capital One's reasoning and finds that a default judgment is not an appropriate remedy in this case. Accordingly, Capital One's Motion to Set Aside Clerk's Entry of Default should be granted.

Though the Court believes that a default judgment is inappropriate, the Court also believes that, based on Defendant's failure to timely file its responsive pleading in violation of the Local Rules, Defendant should be required to pay Plaintiff the costs associated with his Request for Clerk's Entry of Default. Additionally, the Court believes that Defendant's Motion to Set Aside Default Judgment was an unnecessary waste of the Court's time which could have been resolved without judicial intervention. *See* E.D. MICH. LR 7.1(c) ("The court may tax costs for unreasonable withholding of consent.") Accordingly, at the conclusion of this case, both parties should be sanctioned for the needless costs incurred by the Court in addressing this Motion.

## IV. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Capital One's Motion to Set Aside Clerk's Entry of Default and HEREBY SETS ASIDE the Clerk's Entry of Default. Additionally, the Court HEREBY ORDERS Defendant to pay Plaintiff the costs associated with his Request for Clerk's Entry of Default.

IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: June 29, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 29, 2006.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290